**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

CLARENCE ANDERSON PLAINTIFF

v. 3:16CV00304-JM-JTK

JOHNATHAN COOK, et al. DEFENDANTS

**ORDER**

Plaintiff Clarence Anderson is an inmate who filed a Motion to Proceed In Forma Pauperis (ifp) in order to commence a pro se federal civil rights action without prepayment of the $400.00 filing fees and costs (Doc. No. 1).[1] However, his Motion will be denied because he has not included the necessary financial information in support.

According to the Prison Litigation Reform Act (PLRA), **a prisoner who is allowed to file a civil action in forma pauperis still must pay the full amount of the $350 filing fee.** See 28 U.S.C. § 1915(b)(1). Furthermore, before docketing the complaint or, as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A. **If the case is dismissed for any of these reasons, there is no provision in the Act for a refund of any portion of the filing fee to the prisoner**.

Under the Act, in order for the Court to determine how the $350 filing fee will be paid,

---

[1] Effective May 1, 2013, the civil filing fee increased to $400, due to the implementation of a $50 administrative fee. This $50 fee does not, however, apply to plaintiffs who are granted in forma pauperis status.

**the prisoner is required to submit a calculation sheet prepared and signed by an authorized official of the incarcerating facility. This calculation sheet reflects the deposits and monthly balances in the inmate's trust account at the facility during the six-month period immediately preceding the filing of the complaint. See 28 U.S.C. § 1915(a)(2).** However, the Act also provides that in no event shall a prisoner be prohibited from bringing a civil action because he "has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

**Plaintiff Anderson indicates that the Jail administration has not cooperated with his efforts to complete the ifp motion and filing fee calculation sheet. The Court will forward a copy of this Order to the Jail administrators. They are advised that the PLRA requires their participation in submitting the financial information needed for the Plaintiff's ifp motion, and they are encouraged to cooperate in this effort.**

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's Motion to Proceed In Forma Pauperis (Doc. No. 1) is DENIED without prejudice.

2. Plaintiff shall submit either the $400 statutory filing fee or a completed in forma pauperis application, with the required calculation sheet **signed by an authorized official of the prison**, within thirty (30) days of the entry date of this Order.[2]

3. The Clerk shall send to Plaintiff an in forma pauperis application and calculation

[2] Plaintiff is hereby notified of his responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which states: ". . . If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

sheet.

4. The Clerk also shall forward a copy of this Order to the Administrator of the Greene County Detention Facility, 1809 North Rocking Chair Road, Paragould, AR 72450.

5. Service is not appropriate at this time.

IT IS SO ORDERED this 28th day of October, 2016.

______________________________
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE